HUMPHREYS, J.,
concurring.
I join entirely in the analysis and judgment of my colleagues in this case based upon our Supreme Court’s decision in Henderson v. Commonwealth, 285 Va. 318, 736 S.E.2d 901 (2013). I certainly agree that the circuit court’s articulation “that it was denying appellant’s right to confrontation because ‘this is a probation violation and this is very customary that the reports come from another jurisdiction ...,’ dispels any *522 notion that the [circuit] court made a ruling based upon whether ‘good cause’ ” existed to deny the right of confrontation. Therefore, I agree that we must remand to the circuit court for a new hearing, and, if necessary, a determination of [whether] “good cause” exists to deny Cox’s right to confront the accusing probation officer.
The Supreme Court of the United States has yet to review either the “reliability test” or the “balancing test” used in the Commonwealth to determine whether “good cause” exists. I write separately to reiterate my position that a reliability test to establish “good cause” for denying the right of confrontation in a probation violation hearing is constitutionally problematic in the wake of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and its progeny, and that the courts of the Commonwealth should adopt a test that is more consistent with the current jurisprudence of the Confrontation Clause of the Sixth Amendment to determine when “good cause” exists for excusing the prosecution from producing probation violation witnesses for cross-examination.[4] See Henderson v. Commonwealth, 59 Va.App. 641, 668, 722 S.E.2d 275, 289 (2012) (Humphreys, J., dissenting), aff'd, 285 Va. 318, 736 S.E.2d 901 (2013). I recognize that our Supreme Court in Henderson has permitted the use of either test in establishing whether “good cause” exists for denying the due process right to confront an accuser in a probation revocation hearing. While I acknowledge that Henderson is binding on us in this case, I remain convinced that Henderson was wrongly decided to the extent that reliability has any remaining application to the issue of confrontation in light of the Supreme Court’s *523 overruling of Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), and its progeny, such as Lilly v. Virginia, 527 U.S. 116, 134, 119 S.Ct. 1887, 1898-99, 144 L.Ed.2d 117 (1999), by Crawford.
I realize that Crawford focuses on the Sixth Amendment right to confrontation. “Nevertheless, the Fourteenth Amendment’s due process protections include a right to confrontation in revocation hearings that the courts of the Commonwealth must protect and we should provide some direction to the circuit courts of the methodology for doing so.” Henderson, 59 Va.App. at 680-81, 722 S.E.2d at 295 (Humphreys, J., dissenting); see Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599-600, 33 L.Ed.2d 484 (1972). In Crawford and the several Sixth Amendment cases that followed it, the Supreme Court clearly and emphatically shifted away from using reliability as a factor in any Sixth Amendment Confrontation Clause analysis. In my view, the Supreme Court of the United States could not be clearer when it wrote,
[a]dmitting statements deemed reliable by a judge is fundamentally at odds with the right of confrontation. To be sure, the Clause’s ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.
The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined.
Crawford, 541 U.S. at 61, 124 S.Ct. at 1370 (emphasis added).
Thus, if “reliability” no longer has any place in a Sixth Amendment Confrontation Clause inquiry, I continue to fail to see how it could retain any vitality in its separate and diluted due process guise. See Henderson, 59 Va.App. at 681, 722 S.E.2d at 295 (Humphreys, J., dissenting).

. Under the balancing test,
[t]he weight to be given the right to confrontation in a particular case depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence.... [T]he more significant particular evidence is to a finding, the more important it is that the [probationer] be given an opportunity to demonstrate that the proffered evidence does not reflect “verified fact.”
Henderson v. Commonwealth, 59 Va.App. 641, 678, 722 S.E.2d 275, 294 (2012) (Humphreys, J., dissenting) (internal quotations omitted).